UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOROTHY KIELKOPF,<br><br>             Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>SPECTRUM HEALTH RESOURCES, INC.,<br>a for-profit corporation, and GERALD N.<br>STANLEY, D.O., a physician,<br><br>             Defendants. | Case No.  C05-5831 FDB<br><br>ORDER GRANTING DEFENDANT<br>SPECTRUM HEALTH RESOURCES<br>INC.'S MOTION FOR SUMMARY<br>JUDGMENT WITH PREJUDICE |

This matter comes before the Court on Defendant Spectrum Health Resources Inc.'s Motion for Summary Judgment seeking dismissal of Plaintiff's claims with prejudice. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants summary judgment and dismisses Plaintiff's claims against Spectrum, with prejudice.

**INTRODUCTION AND BACKGROUND**

This is a medical malpractice arising out of care provided to Plaintiff Dorothy Kielkopf at Bremerton Naval Hospital on January 2, 2004 for injury to her right wrist. It is alleged that Defendant Dr. Gerald Stanley, D.O., an independent contractor supplied to Bremerton Naval

ORDER - 1

Hospital through Defendant Spectrum Health Services, Inc., ordered an x-ray of Ms. Kielkopf's wrist. It is further alleged that Dr. Hayden Jack, a Navy officer and board-certified radiologist interpreted the x-ray as failing to reveal a right wrist fracture. Approximately two weeks later Ms. Kielkopf was diagnosed as having suffered a wrist fracture. Plaintiff asserts that as a result of the failure to diagnose and treat her condition on January 2, 2004, she suffered a severe aggravation of her injury and permanent damage.

Plaintiff brought suit against the United States and Dr. Gerald Stanley alleging medical malpractice in their care and treatment of Ms. Kielkopf. Spectrum Health Services, Inc. was also named a defendant because they staffed Dr. Stanley at Bremerton Navel Hospital.

Defendants United States and Dr. Stanley both plead as an affirmative defense that Plaintiff's damages, if any, were proximately caused by other parties, and if found liable, the United States and Dr. Stanley are liable only for their proportional share of the total damages.

Discovery has ended. Defendant Spectrum now moves for summary judgment on the basis Plaintiff has failed to put forth competent expert testimony establishing that Spectrum violated the standard of care which proximately caused Ms. Kielkopf's injuries.

In response, Defendant "United States takes no position as to whether summary judgment in favor of Spectrum should be granted on this basis." United States Response, at p.2-3.

Plaintiff Keilkopf's response implicitly concedes that there is no evidence of liability on the part of Defendant Spectrum as "Plaintiff does not object to entry of summary judgment for defendant Spectrum Health Resources, Inc. ... provided such ruling also applies to the affirmative defenses of defendants United States ... and Gerald N. Stanley, D.O., ... such that these remaining defendants cannot assert fault on the part of Spectrum Health Resources ... for the purposes of apportionment of damages." Plaintiff's Response at 1.

ORDER - 2

## SUMMARY JUDGMENT STANDARDS

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

In a medical negligence action, expert testimony is required to establish the standard of care and most aspects of causation. Seybold v. Neu, 105 Wn. App. 666, 676-77 (2001). To defeat summary judgment, the non-moving party would have had to "produce competent medical expert testimony establishing that the injury was proximately caused by a failure to comply with the applicable standard of care." Seybold, at 676.

Here, Plaintiff concedes the lack of any such evidence, and essentially concedes summary judgment. Further, the remaining defendants have not objected to the motion.

Accordingly, the Court finds there is no issue of material fact that would support a finding of liability against Spectrum Health Resources, Inc. A grant of summary judgment dismissing Spectrum Health Resources, Inc from this action is appropriate.

## EFFECT OF SUMMARY JUDGMENT ON APPORTIONMENT OF FAULT

Defendants United States and Dr. Stanley asserted in their respective answers to the

ORDER - 3

complaint the affirmative defense of apportionment of fault among all at-fault entities, whether named defendants or non-parties.

Here, the issue is whether the remaining defendants are entitled to assert at trial, or otherwise, that the dismissed defendant, Spectrum Health Resources, Inc., is an at-fault party subject to an allocation of fault.

Under Washington law, fault allocations under the comparative fault statute require comparisons amongst all at-fault parties. The entities whose fault are determined include the person suffering personal injury, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but do not include those entities immune from liability pursuant to Washington's workers compensation statute. See, RCW 4.22.070(1).

As a general matter, a defendant is entitled to shepherd evidence and attempt to prove that the "empty chairs" in a lawsuit are the proximate cause of the injuries alleged. See, <u>Geurin v. Winston Industries, Inc.</u>, 316 F.3d 879, 884 (9th Cir. 2002). Here, discovery has ended and Defendants have had the opportunity to gather evidence of "fault" of Spectrum Health Resources, Inc. However, in response to the motion for summary judgment, no evidence has been presented that Spectrum Health Resources, Inc. is an at-fault party. Defendants United States and Dr. Stanley did not contest the dismissal of Spectrum Health Resources, Inc. If an entity's conduct is not a proximate cause of any injury, then that entity is not a party to whom fault can be allocated. See, RCW 4.22.015.

Accordingly, the Court finds that Spectrum Health Resources, Inc. cannot be allocated fault.

## CONCLUSION

For the reasons set forth above, Defendant Spectrum Health Resources, Inc. is entitled to summary judgment of dismissal of plaintiff's claims, with prejudice, and the remaining defendants cannot allocate fault to Spectrum Health Resources, Inc.

ORDER - 4

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant Spectrum Health Resources, Inc.'s Motion for Summary Judgement [Dkt. #26] is **GRANTED**. Spectrum Health Resources, Inc. is dismissed from this action, with prejudice.

(2) Neither the United States nor Dr. Gerald N. Stanley is permitted to argue, suggest, imply, or introduce evidence at trial of, fault on the part of Spectrum Health Resources, Inc., or its agents or employees.

DATED this 12th day of February, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5