UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOROTHY KIELKOPF,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,
SPECTRUM HEALTH RESOURCES, INC.,
a for-profit corporation, and GERALD N.
STANLEY, D.O., a physician,

    Defendants.

Case No.  C05-5831 FDB

ORDER GRANTING DEFENDANT
GERALD N. STANLEY'S MOTION
FOR SUMMARY JUDGMENT WITH
PREJUDICE

This matter comes before the Court on Defendant Gerald N. Stanley's Motion for Summary Judgment seeking dismissal of Plaintiff's claims with prejudice. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants summary judgment and dismisses Plaintiff's claims against Dr. Stanley, with prejudice.

**INTRODUCTION AND BACKGROUND**

This is a medical malpractice arising out of care provided to Plaintiff Dorothy Kielkopf at Bremerton Naval Hospital on January 2, 2004 for injury to her right wrist. It is alleged that Defendant Dr. Gerald Stanley, D.O., an independent contractor supplied to Bremerton Naval

ORDER - 1

Hospital through Defendant Spectrum Health Services, Inc., ordered an x-ray of Ms. Kielkopf's wrist. It is further alleged that Dr. Hayden Jack, a Navy officer and board-certified radiologist interpreted the x-ray as failing to reveal a right wrist fracture. Approximately two weeks later Ms. Kielkopf was diagnosed as having suffered a wrist fracture. Plaintiff asserts that as a result of the failure to diagnose and treat her condition on January 2, 2004, she suffered a severe aggravation of her injury and permanent damage.

Plaintiff brought suit against the United States and Dr. Gerald Stanley alleging medical malpractice in their care and treatment of Ms. Kielkopf. Spectrum Health Services, Inc. was also named a defendant because they staffed Dr. Stanley at Bremerton Navel Hospital.

Discovery has ended. Defendant Spectrum was granted summary judgment of dismissal on the basis Plaintiff failed to put forth competent expert testimony establishing that Spectrum violated the standard of care which proximately caused Ms. Kielkopf's injuries.

Dr. Stanley presently moves for summary judgment asserting that Plaintiff lacks medical expert testimony that Dr. Stanley violated the applicable standard of care. Plaintiff does not object to entry of summary judgment for Defendant Dr. Stanley, provided such ruling also provides that Defendant United States cannot assert fault on the part of Dr. Stanley for the purposes of apportionment of damages.

**SUMMARY JUDGMENT STANDARDS**

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita

ORDER - 2

Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The opposing party must present significant and probative evidence to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

## EXPERT TESTIMONY AS TO STANDARD OF CARE

In a medical negligence action, expert testimony is required to establish the standard of care and most aspects of causation.  Seybold v. Neu, 105 Wn. App. 666, 676-77 (2001).  To defeat summary judgment, the non-moving party must "produce competent medical expert testimony establishing that the injury was proximately caused by a failure to comply with the applicable standard of care." Seybold, at 676.

Here, Plaintiff disclosed two expert witnesses, Christian M. Peterson, D.O., and Randall M. Patten, M.D.  Plaintiff's expert Dr. Patten testifies in deposition that his opinion regarding the failure to meet the standard of care for medical providers is confined to the radiologist, Dr. Hayden Jack.  He further testifies that he was not employed to provide an opinion as to the treatment provided by Dr. Stanley and that it is appropriate medical practice for an urgent care doctor such as DR. Stanley to defer to a radiologist's interpretation of x-ray images.  Plaintiff's other expert, Dr. Peterson, does not testify directly to Dr. Stanley's care or whether Dr. Stanley failed to meet the standard of care in not diagnosing the wrist fracture on Plaintiff's initial visit to the Bremerton Navel Hospital.  Dr. Peterson simply states that "**if a known fracture existed**" on January 2, 2004, the healthcare practitioners failed to meet the standard of care in failing to diagnose the fracture.  Dr. Peterson does not opine that a fracture existed on January 2, 2004 or that it was a known fracture.  Dr. Peterson does not opine the standard of care was breach for failing to diagnose the alleged fracture.

In accordance with the foregoing testimony, Plaintiff has no expert testimony that Dr. Stanley did not meet the applicable standard of care.  Accordingly, the Court finds there is no issue of

ORDER - 3

material fact that would support a finding of liability against Dr. Stanley.  A grant of summary judgment dismissing Dr. Stanley from this action is appropriate.

## EFFECT OF SUMMARY JUDGMENT ON APPORTIONMENT OF FAULT

Defendant United States asserted in its answer to the complaint the affirmative defense of apportionment of fault among all at-fault entities, whether named defendants or non-parties.

Here, the issue is whether the United States is entitled to assert at trial, or otherwise, that the dismissed Defendant Dr. Stanley, is an at-fault party subject to an allocation of fault.

Under Washington law, fault allocations under the comparative fault statute require comparisons amongst all at-fault parties.  The entities whose fault are determined include the person suffering personal injury, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, but do not include those entities immune from liability pursuant to Washington's workers compensation statute.  See, RCW 4.22.070(1).

As a general matter, a defendant is entitled to shepherd evidence and attempt to prove that the "empty chairs" in a lawsuit are the proximate cause of the injuries alleged. See, Geurin v. Winston Industries, Inc., 316 F.3d 879, 884 (9th Cir. 2002).  Here, discovery has ended and the parties have had the opportunity to gather evidence of "fault" of Dr. Stanley.  However, in response to the motion for summary judgment, no evidence has been presented that Dr. Stanley is an at-fault party. Defendant United States and Plaintiff do not contest the dismissal of Dr. Stanley form this action.  If an entity's conduct is not a proximate cause of any injury, then that entity is not a party to whom fault can be allocated.  See, RCW 4.22.015.

Accordingly, the Court finds that Dr. Stanley cannot be allocated fault.

## CONCLUSION

ORDER - 4

For the reasons set forth above, Defendant Gerald N. Stanley is entitled to summary judgment of dismissal of Plaintiff's claims, with prejudice. The remaining defendant cannot allocate fault to Gerald N. Stanley, D.O.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant Stanley's Motion for Summary Judgement [Dkt. #32] is **GRANTED**. Gerald N. Stanley, D.O. is dismissed from this action, with prejudice.

(2) The United States shall not argue, suggest, imply, or introduce evidence at trial of, fault on the part of Gerald N. Stanley, D.O.

DATED this 9th day of March, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5